UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAGNER ROMEO CURRUCHICH TUMUX (A-221-491-892), | Case No.  2:26-cv-00670 DAD CSK |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WARDEN, et al., | |
| Respondents. | |

Petitioner Wagner Romeo Curruchich (A-221-491-892), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner appears to argue that on January 5, 2026, an immigration judge denied him bond solely on the basis of "risk of flight" in violation of his statutory rights and the Fifth Amendment due process clause.  (Id. at 9-10.)  For the following reasons, this Court recommends that the petition be denied.

I.     **LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.     DISCUSSION[1]**

On March 2, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On March 2, 2026, the district court ordered respondents to file a response to petitioner's motion for a temporary restraining order.  (ECF No. 4.)  On March 3, 2026, respondents filed an opposition to the motion for a temporary restraining order.  (ECF No. 6.)  On March 4, 2026, the district court denied petitioner's motion for a temporary restraining order.  (ECF No. 7.)  The district court noted that petitioner claimed that he entered the United States lawfully on a valid visa, was currently detained, and on January 5, 2026 appeared before an immigration judge for a custody redetermination.  (Id.)  The immigration judge denied bond "based solely on a finding that [p]etitioner allegedly posed a risk of flight." (Id.)  In the opposition to petitioner's motion, respondents clarified that petitioner had been in detention for three months.  (Id.)  The district court found that petitioner's chief complaint appeared to be that the immigration judge denied him release on bond based solely on a finding of risk of flight, as opposed to dangerousness.  (Id.)  The district court found that an immigration judge may deny bond based on the detainee's "dangerousness or risk of flight," and as such petitioner had not demonstrated that the immigration judge erred.  (Id. (citing Martinez v. Clark, 124 F.4th 775, 786 (9th Cir. 2024).)  The district court referred this action to the undersigned for further proceedings.  (Id.)

---

[1] The factual and procedural background previously presented in the district judge's March 4, 2026 order is incorporated herein.  (See ECF No. 7.)

2

On March 10, 2026, this Court granted petitioner ten days to file a traverse.  (ECF No. 8.)  On March 20, 2026, petitioner filed a traverse.  (ECF No. 9.)

On May 27, 2026, petitioner filed a notice stating that on May 18, 2026, an immigration judge ordered petitioner removed.  (ECF No. 12.)  Petitioner stated that on May 26, 2026, he appealed the immigration judge's May 18, 2026 order to the Board of Immigration Appeals ("BIA").  (Id.)  On May 27, 2026, petitioner also filed a motion for immediate release.  (ECF No. 13.)  On June 3, 2026, the district court ordered respondents to file a response to this motion.  (ECF No. 14.)  On June 4, 2026, respondents filed an opposition to petitioner's motion for immediate release.  (ECF No. 15.)  On June 8, 2026, the district court denied petitioner's motion for immediate release.  (ECF No. 16.)  The district court stated that in the motion for immediate release, petitioner argued that the detention authority applicable to him had shifted from 8 U.S.C. § 1226 to 8 U.S.C. § 1231 because a removal order was entered on May 18, 2026.  (Id. at 1-2.)  The district court found that petitioner's removal order was not final because petitioner had appealed the May 18, 2026 removal order to the BIA.  (Id. at 2.)  Therefore, petitioner was still detained pursuant to 8 U.S.C. § 1226(a).  (Id.)  The district court denied petitioner's motion for immediate release for the same reasons stated in its previous March 4, 2026 order denying petitioner's initial motion for temporary restraining order.  (Id.)  The district court referred this matter to the undersigned.  (Id.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, this Court recommends that the petition for writ of habeas corpus be denied based on a finding that neither petitioner's statutory rights nor his rights to due process under the Fifth Amendment were violated based on the immigration judge's January 5, 2026 order denying petitioner bond based solely on a finding that petitioner posed a flight risk.  See Martinez, 124 F.4th at 786 (holding that, for petitioner detained under 8 U.S.C. § 1226(c), the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that petitioner was a flight risk); Singh v. Warden of California City Detention Facility, 2026 WL 1088902, at *6 (E.D. Cal. Apr. 22, 2026), findings and recommendations adopted, 2026 WL 1557896 (E.D. Cal. Jun. 2, 2026) (citing Lopez v. Garland,

3

631 F. Supp. 3d 870, 882 n. 9 (E.D. Cal. 2022) (collecting cases) ("In the wake of Martinez, district courts in this Circuit have held that, where due process requires a bond hearing, the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify the denial of bond.").

### III.   MOTIONS TO EXPEDITE CONSIDERATION OF MERITS OF PETITION

On May 12, 2026 and May 26, 2026, petitioner filed motions to expedite the consideration of the merits of his petition.  These motions are denied as moot because the instant findings and recommendations address the merits of the petition.

### IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motions to expedite consideration of the merits of the petition (ECF Nos. 10, 11) are denied as moot.

Further, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be DENIED.

2.  The Clerk of Court be directed to enter judgment for respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 11, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Tumu670.157.imm/2