UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAGNER ROMEO CURRUCHICH TUMUX,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | No. 2:26-cv-00670-DAD-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING PENDING MOTIONS TO EXPEDITE AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 10, 11, 17) |

Petitioner Wagner Romeo Curruchich Tumux is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 11, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be denied. (Doc. No. 17.) Specifically, the magistrate judge found that petitioner was previously provided a bond hearing pursuant to 8 U.S.C. § 1226(a) in January of 2026, at which he was found to constitute a risk of flight. (*Id.* at 2–3.) From this, the magistrate judge concluded that petitioner has been afforded the process due to him pursuant to § 1226(a) and that, at this time, due process did not require a second bond hearing be held merely due to the length of petitioner's detention

increasing. (*Id.* at 3–4.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4.) On June 18, 2026, petitioner filed his objections to the pending findings and recommendations.

Petitioner first argues that there has been a change in material facts that warrants a new bond hearing. (Doc. No. 18 at 2–3.) Specifically, petitioner contends that on May 18, 2026, an immigration judge ordered petitioner removed and that on May 26, 2026, petitioner appealed that order to the Board of Immigration Appeals. (*Id.* at 2.) He also contends that his detention has now exceeded six months and is therefore prolonged. (*Id.* at 3.) As to the first argument, the magistrate judge has already explained that appealing a removal order renders it not final such that petitioner is still detained pursuant to 8 U.S.C. § 1226(a), and accordingly his circumstances have not changed. (Doc. No. 17 at 3.) As to the second argument, petitioner has previously received an individualized bond hearing from which he did not appeal and appears to have not requested a second bond hearing on the basis of materially changed circumstances. The court finds persuasive and adopts the reasoning of the district court in *Expinoza-Gallo v. Chestnut*, No. 1:26-cv-01429-JLT-HBK (HC), 2026 WL 2295677, at *5–6 (E.D. Cal. Aug. 10, 2026), where the court found that a second bond hearing pursuant to § 1226(a) was not required by procedural due process because the petitioner could have pursued a direct appeal of the adverse decision or first requested a second bond hearing pursuant to 8 C.F.R. § 1003.19(e). *See also Caria Valenzuela v. Warden*, No. 1:26-cv-01249-DJC-SCR, 2026 WL 901337, at *4–5 (E.D. Cal. Apr. 2, 2026) (finding that the factors identified by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976) weighed against requiring a successive bond hearing where the petitioner had already received two bond hearings pursuant to § 1226(a)), *report and recommendation adopted*, No. 1:26-cv-01249-DJC-SCR, 2026 WL 1068588 (E.D. Cal. Apr. 20, 2026). The court therefore rejects petitioner's contention that due process requires a second bond hearing under the circumstances of this case.

Petitioner also argues that the government bears the burden of demonstrating he is a flight risk by clear and convincing evidence and failed to do so. (Doc. No. 18 at 5.) This is incorrect.

Petitioner's bond hearing was conducted pursuant to § 1226(a) which places the burden on the noncitizen. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (describing that at an initial § 1226(a) hearing, the noncitizen bears the burden of persuasion by a preponderance of the evidence). Petitioner also argues that the Ninth Circuit has held that due process requires that a clear and convincing burden be placed on the government at an initial bond hearing pursuant to § 1226(a) (Doc. No. 18 at 4–5), but the Ninth Circuit has in fact held the opposite. *Rodriguez Diaz*, 53 F.4th at 1210–12 (holding that due process does not require that the government bear the burden at an initial bond hearing pursuant to 8 U.S.C. § 1226(a)). The remainder of petitioner's objections ask the court to distinguish several non-binding district court cases, all of which are inapposite to petitioner's circumstances. (Doc. No. 18 at 5–6.) Accordingly, the court finds that petitioner's objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons explained above,

1. The findings and recommendations issued on June 11, 2026 (Doc. No. 17) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED;
3. Petitioner's motions to expedite consideration (Doc. Nos. 10, 11) are DENIED as having been rendered moot by this order; and
4. The Clerk of the Court is directed to enter judgment in favor of respondents and close this case.

IT IS SO ORDERED.

Dated: **August 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE